IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:03-CR-57-1H
No. 5:16-CV-579-H

BASIM AMIR SULEIMAN,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's motion to vacate his sentence under 28 U.S.C. § 2255. [DE #34]. The government responded by filing a motion to dismiss, [DE #43], to which petitioner filed a response. [DE #46]. The time for further filing has expired, and this matter is ripe for adjudication.

## BACKGROUND

On April 14, 2003, petitioner pled guilty, pursuant to a written memorandum of plea agreement, to possession of a firearm by a convicted felon and aiding and abetting, in violation of 18 U.S.C. § 922(g)(1), § 924, and § 2 (Count One) and possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d) (Count Six). [DE #18]. On July 22, 2003, the court sentenced petitioner to a total term of imprisonment of 188 months and a supervised release term of 5 years. [DE #18]. Petitioner did not appeal. On or about December 8, 2003, petitioner filed his first motion pursuant to 28 U.S.C. § 2255, [DE #20], which was dismissed. [DE

#28 and #29]. Petitioner, by and through counsel, filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on June 26, 2016, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), arguing that as his predicate offenses no longer qualify as violent felonies, he is no longer an armed career criminal under the Armed Career Criminal Act ("ACCA"), and his sentence therefore exceeds the statutory maximum for possession of a firearm by a felon. [DE #34 at 4]. The Fourth Circuit granted authorization for petitioner to file a second or successive § 2255 motion. [DE #35].

Petitioner has met the "in custody" requirement of a § 2255 motion because he was in custody at the time of filing his initial § 2255 motion on June 26, 2016.[1] See Woodfolk v. Maynard, 857 F.3d 531, 539-40 (4th Cir. 2017) ("It is well settled that the 'in custody' requirement applies at the time a petition is filed.") (citing Carafas v. LaVallee, 391 U.S. 234, 238-39 (1968); Griffin v. Balt. Police Dep't, 804 F.3d 692, 697 (4th Cir. 2015)). Additionally, this motion is timely pursuant to 28 U.S.C. § 22255(f)(3).

### COURT'S DISCUSSION

I. **Application of the ACCA**

Petitioner was sentenced as an armed career criminal and argues his underlying predicate offenses, including three New

---

[1] The court is aware petitioner was released from the Bureau of Prisons on May 12, 2017, and is currently serving a term of supervised release.

Jersey first degree robbery convictions and one abuse/neglect conviction, are no longer violent felonies under the ACCA.[2] [PSR at ¶¶ 17-19]. In the Johnson decision, the Supreme Court of the United States invalidated the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii) of the ACCA. Johnson, 135 S. Ct. at 2557. In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held the rule pronounced in Johnson is retroactively applicable on collateral review. In light of Johnson and Welch, the court must now consider whether petitioner's prior convictions are violent felonies under the force clause, which provides that a crime must have "as an element the use, attempted use, or threatened use of physical force against the person of another" to qualify as a violent felony.[3] 18 U.S.C. § 924(e)(2)(B)(i).

In making this determination, a court must apply the categorical or modified categorical approach. Descamps v. United States, 570 U.S. 254, 257-62 (2013). "Under the categorical approach, [the court] examine[s] whether a state crime has as an element the 'use, attempted use, or threatened use of physical force against the person of another,' and do[es] not consider the particular facts underlying the defendant's conviction." United

---

[2] The government does not rely on petitioner's abuse/neglect conviction as a basis for his armed career criminal designation.
[3] Robbery is not an enumerated offense of the enumerated clause of the ACCA, and thus petitioner's New Jersey first degree robbery convictions are only analyzed as violent felonies under the force clause.

3

States v. Burns-Johnson, 864 F.3d 313, 316 (4th Cir. 2017) (citing Descamps, 570 U.S. at 258-61).

"[T]he modified [categorical] approach serves a limited function: It helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." Descamps, 570 U.S. at 260. The modified categorical approach allows the court to examine approved documents, including an indictment, plea agreement, or jury instructions to determine which statutory alternative is implicated by the predicate offense. Id. at 257, 263. "The modified approach thus acts not as an exception, but instead as a tool. It retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime." Id. at 263.

To determine which approach to use, the court must first determine whether a statute is indivisible or divisible. The categorical approach is applied to an indivisible statute, and the modified categorical approach is applied to a divisible statute. Id. at 257-58.

A statute is divisible when it "consists of multiple, alternative elements creating several different crimes, some of which would match the generic federal offense and others that would not." United States v. Simmons, 917 F.3d 312, 319 n.3 (4th Cir.

2019) (quoting Omargharib v. Holder, 775 F.3d 192, 197 (4th Cir. 2014) (internal citations and quotation marks omitted). A statute is indivisible when it "do[es] not include alternative elements establishing 'multiple, alternative versions of the crime.'" Burns-Johnson, 864 F.3d at 316 n. 1 (quoting Descamps, 570 U.S. at 262). "'Elements' are the 'constituent parts' of a crime's legal definition – the things the 'prosecution must prove to sustain a conviction.'" Mathis v. United States, 136 S. Ct. 2243, 2248 (2016) (quoting Black's Law Dictionary 634 (10th ed. 2014)). "'Means', on the other hand, are 'various factual ways of committing' a single element." United States v. McCants, 920 F.3d 169, 178 (3d Cir. 2019) (quoting Mathis, 136 S. Ct. at 2249). A statute is divisible when it "list[s] elements in the alternative, and thereby define[s] multiple crimes." Mathis, 136 S. Ct. at 2249.

The Fourth Circuit has not ruled squarely on the issue of whether N.J.S.A. § 2C:15-1 is a divisible statute. Petitioner and government have also not squarely addressed this issue.[4] The

---

[4] In their briefings filed October 5, 2016, and November 18, 2016, the government and defendant, respectively addressed the issue of New Jersey first degree robbery as a violent felony under the categorical approach. [DE #44 and #46]. The government argues New Jersey first degree robbery is a violent felony, citing the District of New Jersey's opinion in Knight which held that while N.J.S.A. 2C:15-1 is a divisible statute as there are three alternatives for committing New Jersey second degree robbery, New Jersey first degree robbery found at § 2C:15-1(b) is "always a crime of violence" under the force clause of USSG § 4B1.2(a). Defense argues under the categorical approach, N.J.S.A. § 2C:15-1(b) provides for a conviction when a defendant is merely "armed with" a deadly weapon, and further argues this does not satisfy the force clause.

5

parties do not dispute, however, petitioner's convictions at paragraphs 17, 18, and 19 of the pre-sentence investigation report ("PSR") are for New Jersey first degree robbery. New Jersey first and second degree robbery are both codified at N.J.S.A. § 2C:15-1. New Jersey defines robbery as follows:

> a. Robbery defined. A person is guilty of robbery if, in the course of committing a theft, he:
>
>    (1) Inflicts bodily injury or uses force upon another; or
>    (2) Threatens another with or purposely puts him in fear of immediate bodily injury; or
>    (3) Commits or threatens immediately to commit any crime of the first or second degree.
>
> An act shall be deemed to be included in the phrase "in the course of committing a theft" if it occurs in an attempt to commit theft or in immediate flight after the attempt or commission.
>
> b. Grading. Robbery is a crime of the second degree, except that it is a crime of the first degree if in the course of committing the theft the actor attempts to kill anyone, or purposely inflicts or attempts to inflict serious bodily injury, or is armed with, or uses or threatens the immediate use of a deadly weapon."

N.J.S.A. § 2C:15-1(a) and (b). Thus, crimes under N.J.S.A. § 2C:15-1(a) are second degree robbery, while N.J.S.A. § 2C:15-1(b) codifies the additional requirements for first degree robbery.

The Third Circuit has recently held N.J.S.A. § 2C:15-1 is divisible. United States v. McCants, 920 F.3d 169, 178 (3d Cir. 2019) ("We agree with the Government that the New Jersey robbery statute sets out alternative elements for sustaining a conviction rather than the means of committing the offense."). However, the

question remains whether N.J.S.A. § 2C:15-1(b) first degree robbery is divisible. The purpose of using the modified categorical approach is to allow the courts "to determine which alternative formed the basis of the defendant's prior conviction." Descamps, 570 U.S. at 257. Subsection (b) of N.J.S.A. § 2C:15-1 provides "[r]obbery is a crime of the second degree, except that it is a crime of the first degree if in the course of committing the theft the actor," commits one of the following three: "[1] attempts to kill anyone, or [2] purposely inflicts or attempts to inflict serious bodily injury, or [3] is armed with, or uses or threatens the immediate use of a deadly weapon." N.J.S.A. § 2C:15-1(b). In evaluating whether a particular crime satisfies the force clause, "[courts] look to the 'minimum conduct' required to obtain a conviction for the state crime, and ensure that there is 'a realistic probability, not a theoretical possibility, that a state would actually punish that conduct." Burns-Johnson, 864 F.3d at 316-317 ((footnote omitted) (first quoting United States v. Doctor, 842 F.3d 306, 308 (4th Cir. 2016) (internal quotation marks omitted); and then citing Moncrieffe v. Holder, 569 U.S. 184 (2013)). Here, the court need not determine whether the statute is divisible as even the least culpable conduct of New Jersey first degree robbery "armed with a deadly weapon," satisfies the force clause of the ACCA as discussed herein.

7

Defendant argues first degree robbery requires only that a defendant be "armed with" a deadly weapon, which defendant argues is insufficient to constitute "force" under the ACCA as mere possession would suffice under this statute.[5]  The court disagrees. "In evaluating whether a state offense requires the use, attempted use, or threatened use of physical force, federal courts must rely on the interpretation of the offense rendered by the courts of the state in question."  Burns-Johnson, 864 F.3d at 316 (citing United States v. Winston, 850 F.3d 677, 684 (4th Cir. 2017); Doctor, 842 F.3d at 309.  The New Jersey Model Criminal Jury Instructions for a N.J.S.A. 2C:15-1(b) first degree robbery provides "'armed with a deadly weapon' means that defendant possessed and had immediate access to a deadly weapon."  New Jersey Courts Model Criminal Jury Charges, *Robbery in the First Degree (N.J.S.A. 2C:15-1)*, https://www.njcourts.gov/attorneys/criminalcharges.html (last visited August 6, 2019).  New Jersey courts further explain that

---

[5] The court notes that defendant also argues "the threat of physical injury does not equate to the use or threated use of 'violent force' against another." [DE #46 at 3]. Defendant cites in support United States v. Torres-Miguel, 701 F.3d 165 (4th Cir. 2012), abrogation recognized by United States v. Battle, 927 F.3d 160, 165 (4th Cir. 2019). "In Torres-Miguel, [the Fourth Circuit] stated that 'a crime may result in death or serious injury without involving use of physical force,' such as 'by threatening to poison another, which involves no use or threatened use of force.'" Battle, 927 F.3d at 165 (quoting Torres-Miguel, 701 F.3d at 168-69 (considering whether a California threat conviction constituted a crime of violence under the United States Sentencing Guidelines)). However, in Castleman, the Supreme Court "rejected the notion that one could cause bodily injury without the use of physical force by, for example, deceiving a victim into drinking a poisoned beverage." Id. (citing United States v. Castleman, 572 U.S. 157, 170 (2014)).

8

the theft required for robbery requires the use of force as "[a] comparison of N.J.S.A. 2C:15-1 robbery to N.J.S.A. 2A:141-1 robbery [New Jersey's predecessor robbery statute], evinces a legislative plan in the Code to retain the common law touchstones of the crime, to wit, larceny coupled with fear, force, intimidation or assaultive behavior." State v. Carlos, 187 N.J. Super. 406, 414, 455 A.2d 89, 94 (N.J. Super. Ct. App. Div. 1982). "Robbery is an unlawful taking by force." State v. Talley, 94 N.J. 385, 393, 466 A.2d 78, 82 (N.J. 1983) (citing N.J.S.A. 2C:15-1). "Theft is an unlawful taking that may occur with or without force." Id. (citing N.J.S.A. 2C:20-1 to -22). "Force" was clarified by the New Jersey Supreme Court noting "[t]here is no indication that the Legislature intended to change the pre-Code rule that 'a secret or sudden taking of property from the owner without putting him in fear and without open violence is deemed larceny, [but] if there be struggle to keep it or any violence or disruption, the taking is robbery.'" State v. Sein, 124 N.J. 209, 218, 590 A.2d 665, 670 (N.J. 1991) (quoting State v. Culver, 109 N.J. Super. 108, 111-12, 262 A.2d 422, 424 (N.J. Super. Ct. App. Div. 1970)).

The Supreme Court recently clarified "physical force" as stated in 18 U.S.C. 924(e)(2)(B)(i), stating that "the modifier 'physical' 'plainly refers to force exerted by and through concrete bodies – distinguishing physical force, from, for example,

9

intellectual force or emotional force.'" Stokeling, 139 S. Ct. 544, 552 (2019) (quoting Johnson v. United States, 559 U.S. 133, 138 (2010) ("Johnson I")). "'[P]hysical force' means '*violent* force-that is, force capable of causing physical pain or injury to another person.'" Id. at 553 (quoting Johnson I, 559 U.S. at 140). "[T]he force necessary to overcome a victim's physical resistance is inherently 'violent' in the sense contemplated by Johnson [I], and 'suggests a degree of power that would not be satisfied by the merest touching.'" Id. (quoting Johnson I, 559 U.S. at 139). "[W]e conclude that the [force] clause encompasses robbery offenses that require the criminal to overcome the victim's resistance." Id. at 550.

Therefore, first degree robbery pursuant to N.J.S.A. 2C:15-1 by being "armed with" a deadly weapon is sufficient to constitute "physical force" as outlined by the Supreme Court in Stokeling and recently by the Fourth Circuit. See United States v. Dinkins, 928 F.3d 349, 357 n. 6 (2019) (finding North Carolina common law robbery is a violent felony under the force clause of the ACCA and that the alternative means of committing common law robbery by putting a victim "into fear of bodily injury", citing State v. Robertson, 138 N.C. App. 506, 511, 531 S.E. 2d 490, 493 (N.C. Ct. App. 2000), is "[s]uch a threat [that] is sufficient to satisfy the ACCA's force clause.") (citing Doctor, 842 F.3d at 309-11 (recognizing that the use of even a 'slight threat' to 'communicate

an intent to cause great bodily injury' constitutes the 'threatened use of physical force' under the ACCA."); and then citing United States v. McNeal, 818 F.3d 141, 153-54 (4th Cir. 2016)).

Therefore, petitioner has three qualifying predicate offenses pursuant to the ACCA, and his motion to vacate pursuant to 28 U.S.C. § 2255 should be DENIED.

**CONCLUSION**

For the foregoing reasons, the government's motion to dismiss, [DE #43], is GRANTED. Petitioner's motion to vacate, [DE #34], is DENIED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find

this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 6th day of August 2019.

                              Malcolm J. Howard
                              Senior United States District Judge

At Greenville, NC
#35